**CAUSE NO. 16-40701**

_____

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**UNITED STATES OF AMERICA,**

Appellee,

v.

**WILLIAM CHANCE WALLACE,**

Appellant.

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS,
VICTORIA DIVISION.**

_____

**UNOPPOSED MOTION TO VIEW SEALED PORTION OF RECORD**

COMES NOW, William Chance Wallace, Pursuant to Federal Rule of Appellate Procedure 27, Defendant-Appellant William Chance Wallace ("Appellant"), by undersigned counsel, respectfully requests that this Court grant his counsel access to sealed records in this appeal and direct the district court to release the sealed portions of the record on appeal to counsel for the Appellant. In support of his motion, Appellant states as follows:

1.  Undersigned counsel represents Appellant in the above-captioned appeal.

2.  This appeal raises the question whether the government violated Appellant's Fourth Amendment rights when law enforcement officers obtained Appellant's real-time cell phone location information pursuant to a court order that did not constitute a search warrant. The two court orders that the government used to obtain Appellant's cell phone location information were issued by a state court, upon applications filed by a state prosecutor pursuant to the federal Stored Communications Act, 18 U.S.C. § 2703(d), federal pen register statute, 18 U.S.C. § 3122, and Texas pen register statute, Tex. Code Crim. Proc. art. 18.21, §§ 2(b), 5(a).

3.  At the district court's hearing on the Appellant's motion to suppress, Judge Rainey admitted the applications for the court orders and the resulting orders, but ordered them sealed. See Minute Entry, Case No. 6:15-cr-00030-1 (Dec. 28, 2015 S.D. Tex.) ("Government's exhibits #1-4 are admitted. Exhibits #2 and #3 are ordered sealed.").

4.  Following denial of Appellant's motion to suppress and entry of a plea agreement preserving the right to appeal, Appellant filed the instant appeal.

5.  The applications and orders were included by the district court in the Record on Appeal and forwarded to this Court. Those records appear at pages

323-351 of the Record on Appeal in Appeal No. 16-40701. Because those records were sealed by the district court, however, counsel for Appellant does not have access to that portion of the Record on Appeal.

6.    On May 22, 2017, a panel of this Court (Judges Jones, Clement, and Higginson) issued a published opinion affirming the district court's denial of Appellant's motion to suppress the cell phone location information and the fruits thereof.

7.    Undersigned counsel is currently drafting a petition for rehearing *en banc*, which is due to the Court on Monday, June 5. Counsel requires access to the sealed portions of the Record on Appeal in order to accurately cite the applications and orders in the petition for rehearing. Counsel will be unable to adequately discharge his duties to his client without access to the sealed portions of the record.

8.    Counsel for Appellee United States does not oppose this motion.

WHEREFORE, Appellant respectfully requests this Court to grant counsel for Appellant access to the sealed portions of the Record on Appeal and direct the district court to release the sealed portions of the Record on Appeal (including, at least, ROA.323-351). Because Appellant's petition for rehearing is due on June 5, there is a need for expedited treatment of this motion.

Respectfully submitted,


By: \_\_\_\_/s/_____
    Micah W. Hatley
    P.O. Box 2113
    302 W. Forrest Street
    Victoria, Texas 77902
    (361) 489-3481 P
    (361) 597-3167 F
    E-Mail:
    mwhatley.hatlawfirm@gmail.com


## CERTIFICATE OF SERVICE

This is to certify that on June 2, 2017 a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification to all CM/ECF participants in this case.


\_\_\_\_/s/_____
Micah W. Hatley